72 Cal.Rptr.3d 352 (2008)
160 Cal.App.4th 21
In re S.B. et al., Persons Coming Under the Juvenile Court Law.
Lassen County Department of Health and Human Services, Plaintiff and Respondent,
v.
Sharyl S., Defendant and Appellant.
No. C055838.
Court of Appeal of California, Third District.
February 15, 2008.
Gino de Solenni for Defendant and Appellant.
R. Craig Settlemire for Plaintiff and Respondent.
DAVIS, Acting P.J.
Sharyl S. (appellant), the mother of S.B. and D.B. (the minors), appeals from the juvenile court's orders continuing the selection and implementation hearing as to each minor for 180 days to permit the Lassen County Department of Health and Human Services (DHHS) additional time to attempt to locate an adoptive family for the minors. (Well & Inst.Code, § 366.26, subd. (b)(3) [former subd. (b)(2)], subd. (c)(3).)[1] Appellant contends the evidence is insufficient to support the court's finding that the minors had a probability for adoption.
Concluding that the juvenile court's probability for adoption finding is interim only and therefore not appealable, we dismiss the appeal.

FACTS AND PROCEDURAL HISTORY
In June 2005, the juvenile court assumed jurisdiction over the minors based on a finding that the minors had been sexually abused by a cousin, and that appellant had failed to protect them from such abuse. Thereafter, the juvenile court adjudged the minors dependent children and ordered them removed from parental custody. The court also ordered DHHS to provide appellant with reunification services.
DHHS recommended adoption as the permanent plan for each of the minors, who were placed in separate foster homes. However, the State Department of Social Services (DSS) recommended that the juvenile court, without terminating parental *353 rights, order a permanent plan of adoption and also order DHHS to make additional efforts to locate an adoptive family for 180 days, at which time a hearing should be conducted on the matter. According to DSS, the minors were "difficult to place because of their ages, adverse parental backgrounds and various moves in foster care."
The record reflects that the minors were ages 13 and 12 at the time of the selection and implementation hearing, that each had been in 11 different placements, and that one suffered from developmental or environmental delays and the other suffered from environmental delays, although they had shown improvement.
At the May 14, 2007, section 366.26 hearing, each minor testified to a willingness to be adopted. Counsel for appellant expressed appellant's opposition to the recommendation by DHHS that the minors' permanent plan be adoption. The juvenile court found the minors had a probability for adoption but were difficult to place. The court also identified adoption as the permanent plan for the minors and continued the section 366.26 hearing for 180 days to permit DHHS additional time to attempt to locate an adoptive home.

DISCUSSION
As appellant and DHHS agree, several courts have considered the issue of the appealability of a probability for adoption finding and reached conflicting determinations on the matter. We conclude that the better reasoned cases teach correctly that an appeal from a probability for adoption finding is premature. The reason it is premature is apparent: The juvenile court has not yet found the minor to be adoptable. (In re Cody C. (2004) 121 Cal.App.4th 1297, 1300, 17 Cal.Rptr.3d 928; In re Jacob S. (2002) 104 Cal.App.4th 1011, 128 Cal.Rptr.2d 654.) Instead, the juvenile court, consistent with statute, has selected adoption as a permanent plan goal, based on the minor's probability of adoption, and continued the selection and implementation hearing. As one court has stated: "Because the permanency hearing has not been concluded, there is nothing yet to appeal." (Cody C., supra, 121 Cal.App.4th at p. 1301, 17 Cal.Rptr.3d 928.)
In support of her claim, appellant relies in part on the general principle in juvenile dependency proceedings that all postdispositional orders, other than an order scheduling a section 366.26 hearing, are appealable. However, the gravamen of appellant's claim in this appealthe subject of her attackis a finding: the finding that the minors are probably adoptable. For, as appellant's briefs on appeal make clear, she is challenging the sufficiency of the evidence to support the finding that the minors were probably adoptable.
Appellant also contends that, as the Legislature allegedly removed long-term foster care as a placement option following the 180-day extension for attempting to locate an adoptive family, that extension can no longer properly be considered merely as a continuance of the section 366.26 hearing. According to appellant, the right to appeal the juvenile court's decision to proceed pursuant to subdivisions (b)(3) (former subdivision (b)(2)) and (c)(3) of section 366.26 must be preserved, as long-term foster care might be the proper plan for the minor. Appellant cites In re Gabriel G. (2005) 134 Cal.App.4th 1428, 36 Cal.Rptr.3d 847 (Gabriel G.), and In re Ramone R. (2005) 132 Cal.App.4th 1339, 34 Cal.Rptr.3d 344 (Ramone R.), in support of her contention.
To address appellant's claim, we must examine the provisions relevant to the issue presented. The statutory framework pertaining to this appeal is as follows: At *354 the section 366.26 hearing, the juvenile court shall, "[o]n making a finding under paragraph (3) of subdivision (c), identify adoption as the permanent placement goal and order that efforts be made to locate an appropriate adoptive family for the child within a period not to exceed 180 days." (§ 366.26, subd. (b)(3) [former subd. (b)(2)].) Subdivision (c)(3) states in part: "If the court finds that termination of parental rights would not be detrimental to the child pursuant to paragraph (1) and that the child has a probability for adoption but is difficult to place for adoption and there is no identified or available prospective adoptive parent, the court may identify adoption as the permanent placement goal and without terminating parental rights, order that efforts be made to locate an appropriate adoptive family for the child ... within a period not to exceed 180 days.... At the expiration of this period, another hearing shall be held and the court shall proceed pursuant to paragraph (1) or (4) of subdivision (b)...." Paragraphs (1) and (4) of subdivision (b) provide for adoption and guardianship, respectively.
The answer to appellant's claim that the adoption probability finding must be appealable, in order to address the long-term foster care option, is found in the most recent decision to consider one aspect of the matter: whether the finding has any preclusive effect on the issue of the likelihood of adoption. In In re Y.R. (2007) 152 Cal.App.4th 99, 108-109, 111, 60 Cal. Rptr.3d 820 (Y.R.), Division 3 of the Court of Appeal, Fourth Appellate District, held that the adoption probability finding had no such effect on the subsequent issue of whether the minor was likely to be adopted, because the two were fundamentally different matters.
In reaching its conclusion, Y.R. disagreed with Ramone R. and Gabriel G.: "Ramone R. and Gabriel G. interpreted changes to section 366.26, subdivision (c)(3), as removing the option of long-term foster care as a placement option if and only if the juvenile court continues the .26 hearing 180 days. We find this interpretation puzzling for it is plain in section 366.3 that long-term foster care remains the de facto placement for children who are not freed for adoption or placed with a guardian. (See § 366.3, subds. (d) & (g).) For these children, [DHHS] and the juvenile court must continue efforts to obtain more permanent placement in the form of adoption or a guardianship. (Ibid.) But that does not mean the children cannot remain in foster care in the interim, or that placement there for months or years is any less `long term.'" (Y.R., supra, 152 Cal.App.4th at p. 111, 60 Cal.Rptr.3d 820, original italics.)
We agree with Y.R. and DHHS that the appeal is premature. As such, it must be dismissed.

DISPOSITION
The appeal is dismissed.
We concur: RAYE and BUTZ, JJ.
NOTES
[1] Hereafter, undesignated section references are to the Welfare and Institutions Code.